by reason of some slight defect in a highway, from which danger was not reasonably to be expected, and which, according to common experience, was not liable to happen. The highway commissioner of the town of Enfield was not chargeable with negligence under the above-cited authorities in failing to repair the slight depression in the street at the place where the plaintiff was injured. As said in Lane v. Town of Hancock (page 521, 142 N. Y., and page 476, 37 N. E.):

"The limit of duty on the part of a town with regard to the condition of its highways falls far short of making them absolutely safe, under all circumstances, even for those who use them properly."

We conclude that the judgment and order should be reversed, and a new trial granted; costs to abide the event.

---

## DITMAS v. DITMAS.

### WICKHAM v. SAME.

(Supreme Court, Appellate Division, Second Department. December 8, 1896.)

RESCISSION OF DEED—KNOWLEDGE OF FACTS.

Where heirs at law of an intestate, with a full understanding of the facts and the effect of their acts, executed conveyances and releases conveying their interest in his estate to one who, until after the death of decedent, was believed by all to be his lawful wife, but whose marriage was afterwards discovered to have been void, for the benefit of her and her children, they will be bound by such conveyances.

Appeal from special term, Kings county.

Actions by Elias H. Ditmas against Abigail V. Ditmas, and by George D. Wickham against the same defendant, to set aside conveyances and releases of plaintiffs' interest in the estate of Henry C. Ditmas, deceased. The complaints were dismissed, and plaintiffs appeal. Affirmed.

The opinion of Mr. Justice CLEMENT at special term is as follows:

The questions involved in these cases seem substantially of fact. If plaintiffs knew and comprehended their acts in executing the papers, they should be bound. A long and minute discussion of minor matters is not necessary, for, after a careful review of the testimony and briefs, I am convinced beyond question that plaintiffs exactly and fully understood the papers. It must be borne in mind that there was no confidential relation between plaintiffs and defendant, or the attorney for the defendant. If the attorney for the defendant had acted for the plaintiffs, or advised them, a very different question would have been presented. I am satisfied that defendant, during all the time she lived with Henry C. Ditmas, and until his death, believed herself to be his lawful wife, and so did all the relatives. After his death it was first discovered that the marriage was void by reason of the judgment of divorce, and his heirs were brought together on two different occasions to execute deeds and releases by which they transferred all their interests to the defendant. After full explanation the papers were executed. At first it seems surprising that plaintiffs, who were in humble circumstances, should give up a large estate for a nominal consideration. The fact that they were poor in no wise prevented them from doing what they thought to be right. They considered they took as heirs by reason of a technicality of the law, and, further, they knew that Mr. Ditmas died suddenly, and had no warning in time to make a will. The plaintiffs

were, no doubt, influenced by the mother of Mr. Ditmas, and by his sister, to execute the papers. The mother and sister thought that the estate left by Mr. Ditmas equitably belonged to the defendant and her children, and so advised plaintiffs and the other heirs. The plaintiffs could read the papers, and understand what was read to them; and the law casts on them the burden of showing fraud or mistake. They have failed to make out a case calling for equitable relief.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Augustus S. Hutchins and Henry A. Forster, for appellants.
G. H. Fearons and J. Arthur Corbin, for respondent.

PER CURIAM. Judgments affirmed, with costs, upon the opinion at special term. All concur.

---

(18 Misc. Rep. 295.)

### YATES v. McADAM et al.

(Supreme Court, Trial Term, New York County. October, 1896.)

1. PLEADING—MOTION TO STRIKE OUT—DILATORY ANSWER.
   Where an amended answer is alleged to have been served merely for delay, plaintiff's remedy is by motion to strike it out.
2. SAME—NOTICE OF TRIAL—NOTE OF ISSUE.
   Where an amended answer was served after plaintiff had served notice of trial and filed note of issue, a new notice of trial must be served, and a new note of issue filed, in order to force defendant to trial.
3. SAME—WAIVER.
   The fact that defendant had served notice of trial does not constitute a waiver of his right to take advantage of plaintiff's failure to serve such notice.

Action by James C. Yates against George H. McAdam and others. Defendants move to strike cause from calendar. Granted.

G. A. Stearns, for the motion.
Wells, Waldo & Snedeker, opposed.

GILDERSLEEVE, J. This is a motion to strike the cause from the calendar. The facts are as follows: The action was brought in the court of common pleas. The summons was served on December 8, 1893; notice of appearance was served on December 15, 1893; the complaint was served on February 12, 1894; the amended complaint was served on February 27, 1894; the answer to the amended complaint was served on April 19, 1894; the plaintiff's notice of trial was served on April 23, 1894, and on the same day the plaintiff filed a note of issue; an amended answer to the amended complaint was served on May 9, 1894; and on May 11, 1894, the defendant served a notice of trial. No other notice of trial was served by plaintiff, and no other note of issue was filed, unless it be, as intimated in the brief of plaintiff's counsel, a note of issue in the supreme court upon the consolidation of the courts. The plaintiff says that the last amended pleading was served simply for delay; but, if it was served in bad faith, the remedy of plaintiff would have been by motion to strike it out. Ostrander v. Conkey, 20 Hun, 421. This, so far as the papers before me dis-